Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 CR 697 | **DATE** | 9/22/2000 |
| **CASE TITLE** | USA vs. Andrew Traeger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum. This Court hastens to advise both Meczyk and government counsel on the recent <u>Kitchen</u> decision.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | SEP 25 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 9/22/2000 |
| | Copy to judge/magistrate judge. | 00 SEP 22 PM 4:28 | date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number: 105

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 5 2000

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 97 CR 697 |
| ANDREW TRAEGER, | ) |
| Defendant. | ) |

## MEMORANDUM

During the course of the most recent status hearing in this action, the most recently appointed counsel for defendant Andrew Traeger ("Traeger"), Ralph Meczyk ("Meczyk"), had occasion to refer to his responsibilities as such counsel in relation to the adequacy-of-representation considerations that might conceivably give rise to a later 28 U.S.C. §2255 motion.[1] In the course of discussing the matter, this Court had mentioned the possibility that such considerations might perhaps be legally inapplicable because the services Meczyk was now rendering to Traeger were post-conviction.

As sheer chance would have it, however, at almost exactly that moment our Court of Appeals was issuing its opinion in Kitchen v. United States, No. 97-3808, 2000 WL 1298010, at *2-*3 (7th Cir. Sept. 14), which decided precisely that question in the identical context: a post-conviction and pre-appeal motion for

---

[1] Strickland v. Washington, 466 U.S. 668 (1984) is of course the seminal authority in that respect.



new trial under Fed. R. Crim. P. ("Rule") 33. <u>Kitchen</u> distinguished cases from other Circuits that had indicated a defendant had no constitutional right to counsel on a Rule 33 motion, holding instead that in the parallel situation that was at issue in <u>Kitchen</u> (and that is also involved in Traeger's case) a defendant has the same constitutional right to counsel as during the criminal trial itself. That then provides a directly applicable precedent for the present case, and this Court hastens to advise both Meczyk and government counsel on that score.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 21, 2000