IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 97 CR 697 |
| ANDREW TRAEGER, | ) ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

It is hard to fault prisoners serving substantial custodial sentences (or, indeed, those serving lesser sentences) for engaging in efforts to obtain relief. Liberty is precious, and one effect of the limitations on freedom imposed by time in custody is to provide plenty of opportunity to think about and to institute such efforts. Unfortunately, many prisoners abuse that opportunity at the expense of the justice system.

No wonder then that the courts developed, as an integral part of habeas corpus jurisprudence (and for this purpose motions for federal prisoners seeking relief under 28 U.S.C. §2255 ("Section 2255") may be considered the analytic equivalent of petitions for writs of habeas corpus), the doctrine of "abuse of the writ" to apply to offenders of that sort. Then in 1996 Congress, more intolerant of habeas filings generally, enacted a set of statutory amendments that imposed both time constraints and restrictions on repeat filings under Section 2255 as well as in the statutes dealing with federal habeas review of state court

convictions and sentences.

Andrew Traeger ("Traeger") stands out even among the ranks of movants (or petitioners) whose activities are of the type that prompted the enactment of the 1996 legislation. It would be depressing to rehearse his numerous and repeated bootless filings--suffice it to say that the most recent of the many memorandum orders and memorandum opinions and orders that this Court has been called upon to write in dispatching those filings (an opinion issued on August 10, 2004) began in this fashion:

> Andrew Traeger ("Traeger"), like the Energizer Bunny, keeps going and going and going.

Now Traeger again seeks to beat the Energizer Bunny's drum by filing a self-prepared document captioned "Review of a Sentence Title 18 3742(a)(2)" in which he once more attempts to challenge his sentence--this time by invoking the decisions of the Supreme Court in United States v. Booker, 543 U.S. --, 2005 WL 50108 (U.S. Jan. 12). But nothing in either of the two majority opinions in Booker supports its retroactive application to anyone in Traeger's position--indeed, Justice Breyer's opinion for the Court was careful to limit the required applicability of the case's holdings "to all cases on direct review." Traeger's motion is denied out of hand.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: January 24, 2005